

RECEIVED
3/16/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
AXK

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABHA SHARMA, an individual | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No: |
| | ) ) ) ) ) | 1:26-cv-02992<br>Judge Robert W. Gettleman<br>Magistrate Judge Gabriel A. Fuentes<br>RANDOM / Cat. 2 |
| ST. HELEN SCHOOL, COURTNEY PILEGGI, and<br>THE ARCHDIOCESE OF CHICAGO | ) ) ) ) ) | |
| Defendant(s). | | |

## COMPLAINT

Plaintiff, ABHA SHARMA ("Plaintiff" or "Mrs. Sharma"), brings forth the following cause of actions and allegations against ST. HELEN SCHOOL ("St. Helen"), COURTNEY PILEGGI ("Pileggi"), and THE ARCHDIOCESE OF CHICAGO ("Archdiocese")(collectively the "Defendants") for violation of the Age Discrimination of Employment Act, 29 U.S.C. § 623(a) ("ADEA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq* ("Title VII"); and Defamation and states the following:

## INTRODUCTION

1. Mrs. Sharma is an Indian-American woman over 40 and has worked at St. Helen School as a highly celebrated and well performing sixth grade teacher for 27 years.

2. Mrs. Sharma has brought educational excellence and needed support to the hundreds of children she has taught over the decades.

1

3. In or around July 1, 2024, Defendant Pileggi, a Caucasian woman became the school's new principal and began making remarks about Mrs. Sharma's age and that she should retire.

4. Mrs. Sharma also experienced a hostile working environment, including false accusations, demeaning comments about her age, bullying, and an overall intimidating environment.

5. In or around April 25, 2025, Defendants falsely accused Mrs. Sharma of making racists comments and gestures.

6. However, Defendants never allowed Mrs. Sharma an opportunity to defend herself including presenting evidence that she did not engage in any misconduct.

7. On April 29, 2025, without a hearing, Defendants terminated Mrs. Sharma for cause, falsely claiming that she made racists comments and gestures.

8. The termination has tarnished Mrs. Sharma's reputation and caused her great emotional distress, humiliation, and embarrassment.

9. A few months after Defendant's terminated Mrs. Sharma, Defendants hired a younger teacher of Caucasian decent as her replacement

## JURISDICTION AND VENUE

10. This court has jurisdiction over Defendants pursuant to *28 U.S.C. § 1331* and *1337* on that this case arises under federal law, specifically; the Age Discrimination of Employment Act, 29 U.S.C. § 623(a) ("ADEA"); and Defamation.

11. Venue is proper in the Northern District of Illinois, Eastern Division since the unlawful practices occurred within this District pursuant to *28 U.S.C. § 1391(b) and (c)*.

12.     Plaintiff has satisfied all administrative prerequisites prior to filing this suit as required by law. On December 16, 2025, the U.S. Equal Employment Opportunity Commission issued a Determination and Notice of Rights (Right-to-Sue) to Plaintiff on Charge No. 440-2025-08892, notifying her of her right to file suit within 90 days of receipt.

13.     There is supplemental jurisdiction over the state law claim for defamation per se.

## PARTIES

14.     Mrs. Sharma is an individual and former teacher employed by Defendant School located at 2347 W. Augusta Blvd, Chicago, Illinois, 60622 from November 1998 to April 2025 where all or some of the events in question transpired.

15.     Defendant St. Helen School is not-for-profit organization registered with the Illinois Department of Education, doing business in Illinois, and at all relevant times employed Plaintiff.

16.     The Archdiocese of Chicago is a not-for-profit organization registered with the state of Illinois, doing business in Illinois, and at all times relevant owned and operated Defendant St. Helen School.

17.     At all times relevant, Defendant Pileggi is a Caucasian American citizen of the United States, resident of Illinois, and was employed as the principal at Defendant St. Helen School where some or all of the events in questions transpired.

## STATEMENT OF FACTS

18.     Plaintiff, Mrs. Sharma, is a woman of Indian-American decent and is over the age of 40.

19.     Plaintiff served St. Helen with distinction for decades as a celebrated, high-performing sixth, seventh, and eighth grade science and homeroom teacher.

3

20. Mrs. Sharma also worked as a leader of student clubs and student activities.

21. Mrs. Sharma's scope of work included teaching grades sixth, seventh, eighth grade science; non-fiction ELA (reading and writing comprehension); grades sixth and seventh Social Studies, and lunch supervision for grades sixth, seventh, and eighth.

22. In or around July 2024 in the 2024–2025 school year, Defendant Pileggi became principal of St. Helen and assumed supervisory authority over Plaintiff.

23. Pileggi began making remarks referencing Plaintiff's age and suggesting she should retire.

24. These comments caused Plaintiff distress and fear of losing her job due to her age.

25. Next, Defendants through Pileggi began demanding work beyond Mrs. Sharma's normal job scope.

26. The demands outside Mrs. Sharma's scope of work included teaching vocabulary comprehension, creating additional worksheets for social studies, and lesson plans ("Out of Scope Tasks").

27. In or around March 2025, Defendants placed Plaintiff on a heightened "Teacher Action Plan", which admonished Mrs. Sharma for the Out of Job Scope Tasks which could result in suspension, termination, or non-renewal.

28. In April 2025, Defendant falsely accused Mrs. Sharma of using a racial slur and did not provide her a hearing or meaningful opportunity to defend herself.

29. On April 29, 2025, Defendants terminated Plaintiff's employment for cause based upon the false accusation of using a racial slur.

30. Following Mrs. Sharma's termination, Defendants filled her position with a younger Caucasian teacher.

31. Defendants have additionally refused to provide her a work reference letter given her 27 years of excellent service at St. Helen.

32. Mrs. Sharma has suffered great emotional distress, humiliation, and embarrassment because of Defendants wrongful adverse employment actions.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. 623(a)

33. Plaintiff hereby incorporates and re-alleges the allegations in paragraphs 1 through 32 as if the allegations are set forth herein as paragraph 33.

34. Plaintiff is over 40 years old and is thus within a protected class covered by ADEA.

35. At the time of her termination, Plaintiff was the oldest teacher employed at St. Helen.

36. Plaintiff was well qualified for her position as a primary school teacher at St. Helen and performed her job duties at or above Defendants' legitimate expectations.

37. Defendant St. Helen and Archdiocese through their principal Pileggi, who is a termination decision maker, subjected Plaintiff to a hostile work environment, which included:

    a. repeated age-based harassment and discriminatory remarks;

    b. constant references to Mrs. Sharma needing to retire;

    c. Demanding the Out of Scope Tasks, which again included requiring her to teach vocabulary comprehension, create additional worksheets for social studies, and lesson plans;

    d. Singling out and reprimanding Mrs. Sharma in front of other teachers and students causing humiliation and embarrassment; and

e. falsely accusing Mrs. Sharma of making a racial slur and gesture without allowing her to defend herself.

38. Shortly after terminating Mrs. Sharma, Defendants replaced her with a younger Caucasian teacher.

39. Defendants' conduct constitutes unlawful age discrimination, including disparate treatment and wrongful termination.

40. As a direct and proximate result of Defendants' wrongful actions, Plaintiff has suffered economic losses, including front and back pay, damage to professional reputation, other employment benefits, and emotional distress.

WHEREFORE, Plaintiff, Abha Sharma, prays this Court enters judgment against Defendants St. Helen School and the Archdiocese of Chicago and in favor of Plaintiff in an amount to be determined at trial but no less than $240,000 representing back pay from at least April 29, 2025 to current, front pay, lost employment benefits starting April 29, 2025, seniority status, damage to her professional reputation, pre and post judgment interest, compensatory damages, reasonable attorney's fees and costs, and any other relief this court finds just and equitable.

## COUNT II: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 42 U.S.C §2000(e) et seq.

41. Plaintiff hereby incorporates and re-alleges the allegations of paragraphs 1 through 32 as if the allegations are set forth herein as paragraph 41.

42. Plaintiff is an Indian American female citizen of the United States and a member of a protect class based on race.

43. Most of St. Helen's teaching staff is Caucasian with Mrs. Sharma as the only Indian-American faculty member during the relevant period of time.

44. Plaintiff suffered adverse employment action when Defendants wrongfully:

    a. demanded the Out of Scope Work;

    b. Singling out and reprimanding Mrs. Sharma in front of other teachers and students causing humiliation and embarrassment; and

    c. falsely accusing Mrs. Sharma of making a racial slur without allowing her an opportunity to defend herself; and

    d. terminating Mrs. Sharma on April 29, 2025, because she is South Asian American.

45. Defendants treated Mrs. Sharma less favorably than other similarly situated white employees when they:

    a. demanding Out of Scope Work;

    b. Singling out and reprimanding Mrs. Sharma in front of other teachers and students causing humiliation and embarrassment; and

    c. falsely accusing Mrs. Sharma of making a racial slur without allowing her an opportunity to defend herself; and

    d. terminating Mrs. Sharma on April 29, 2025, because she is South Asian American.

46. As such, Defendants subjected Mrs. Sharma to different rules on discipline than other similarly situated employees and in doing so changed the terms and conditions of her employment, on the basis of Mrs. Sharma's race.

47.     As a direct and proximate result of Defendants' wrongful actions, Plaintiff has suffered economic losses, including front and back pay, damage to professional reputation, other employment benefits, and emotional distress.

WHEREFORE, Plaintiff, Abha Sharma, prays this Court enters judgment against Defendants St. Helen School and the Archdiocese of Chicago and in favor of Plaintiff pursuant to *42 U.S.C §2000(e) et seq* in an amount to be determined at trial but no less than $240,000 representing back pay from at least April 29, 2025 to current, front pay, lost employment benefits starting April 29, 2025, seniority status, damage to her professional reputation, pre and post judgment interest, compensatory damages, reasonable attorney's fees and costs, and any other relief this court finds just and equitable.

## COUNT III – DEFAMATION PER SE (Plaintiff vs. Pileggi)

48.     Plaintiff hereby incorporates and re-alleges the allegations of paragraphs 1 through 32 as if the allegations are set forth herein as paragraph 48.

49.     In April 2025, Pileggi provided false information to St. Helen faculty that Mrs. Sharma used an ethnic slur in her classroom that "Chinese people had 'chinky eyes'" and claimed Mrs. Sharma pulled the sides of her eye lids to mock Chinese people. ("False Statement").

50.     As a teacher, Mrs. Sharma's reputation and integrity, which includes her not being racist, is critical to her profession.

51.     The False Statement accuses Mrs. Sharma of being racist and imputes that Mrs. Sharma lacks integrity in performing her duties as a teacher.

52.     The False Statement further imputes that Mrs. Sharma lacks ability to perform her duties without racism and prejudices Mrs. Sharma in her profession as an educator.

8

53.     Mrs. Sharma did not authorize Pileggi to distribute the False Statement to other faculty members.

54.     Colleagues who were once friendly and welcoming to Mrs. Sharma have now refused to engage her or even write a letter of recommendation.

55.     Since the False Statement, Mrs. Sharma has suffered deep humiliation in the education industry and community.

56.     Accordingly, by imputing a racist character on Mrs. Sharma, the False Statements harmed Mrs. Sharma's reputation to such an extent that it has lowered Mrs. Sharma in the eyes of the educator industry and community.

57.     Thus, the False Statements are per se defamatory.

WHEREFORE, Plaintiff Abha Sharma, requests that this Honorable Court enter judgment in her favor and against Courtney Pileggi, all attorney's fees and costs in pursuing this matter, and any other relief this court finds just and equitable.

Dated: March 16, 2026

Respectfully submitted,

/s/Abha Sharma
*Pro Se*

Abha Sharma
1401 E. 55th Street, Apt 804N
Chicago, IL 60615
asharma2222@gmail.com
773-822-1230